## HILL AND BOHANNON v. THE STATE.

### COURT OF APPEALS, GALVESTON TERM, 1884.

*That the court* erred in overruling the motion to quash the citation, is an assignment of error too general for consideration. But whether or not the citation or service thereof were legal, need not be determined in this case, inasmuch as it no where appears that the motion to quash was acted upon, or called to the attention of the court.

*It was* stated in the bond that the offense for which the principal was bailed, was offering to bribe a witness in a criminal case to evade process. *Held,* sufficient to describe the offense named in article 137 of the Penal Code.

The defendant in a criminal case, pending in F. county, being arrested in B. county upon a capias issued in F. county, must be held to be virtually in the custody of the sheriff of F. county, while confined in the jail of B. county.

Forfeiture of a bail bond or recogizance may be taken at any time unless it be after the obligation is barred by the general law of limitation.

Appeal from Fort Bend County.

*W. L. Davidson,* attorney for appellants.

*Assistant Attorney General Burts,* for the State.

Opinion by Willson, J.

One Tobe Hill was indicted in Fort Bend county for the offense of offering to bribe a witness in a criminal case, to avoid the service of legal process, &c. (P. C., Art. 137.) A capias was issued for his arrest, directed to the sheriff of Barnett county, who executed the same, by arresting Hill and confining him in the jail of said Barnett county. Hill, with sureties, executed a bail bond, on the 11th day of April, 1881, which bond was sent to the sheriff of Fort Bend county, to be passed upon by him. This bond was not approved by the sheriff of Fort Bend county, nor by the sheriff of Barnett county, nor was the defendant, Hill, released from custody under the same. By some means, however, this rejected bond was filed among the papers in the cause, and was thereafter declared forfeited, and the sureties thereon cited to appear and answer to the judgment

*nisi.* It was then discovered that the bond was a nullity, and the proceedings had thereon were set aside and vacated. On the 18th of April, 1881, the defendant, Tobe Hill, together with the appellants as his sureties, executed the bail bond, upon which the judgment in this case was based. This bond was executed while Hill was in the Burnett county jail, and was forwarded to the sheriff of Fort Bend county, by whom it was approved, and filed with the clerk of the district court of Fort Bend county, on the 20th day of April, 1881. On the 2nd day of May, 1883, this bond was declared forfeited, and a proper judgment *nisi* was entered thereon, and citations were issued and served upon the sureties. Appellants, the sureties, appeared at the next term of the court and excepted generally to the sufficiency of the service of citation upon them, and also answered to the merits. Upon a trial of the case by the judge, the judgment *nisi* was made final against the principal and sureties. Appellants appeal from this judgment, assigning several errors, which we will notice in the order in which they are presented :

First. "The court erred in overruling the motion to quash the services because the citation is not as the law requires."

This assignment of error is altogether too general to require consideration. It points out no defect in the citation, or in the service thereof, and we are left entirely to conjecture, as to the particular objections or objection which appellants desire to urge. Nor are we in the least enlightened upon this subject by reference to the brief of appellants' counsel, which merely reiterates the above quoted assignment. But it is unnecessary that we should examine the question further, even were the supposed defects in the citation and service definitely assigned because it no where appears in the record that appellants motion to quash the same was acted upon, or called to the attention of the court, and in the absence of anything in the record with reference to the motion, we must presume that it was waived by the appellants upon the trial and that they relied entirely upon their answer to the merits. .

Second. "The court erred in giving judgment in favor of the State, because the bond describes no offense against the laws of the State."

It is recited in the bond, that the charge which the defendant is bound to answer, is that of offering to bribe a witness to evade criminal process as a witness. We are of the opinion that this is a sub-

stantial and sufficient description of the offense named in article 137 of the Penal Code. In the bond the word *evade* is used instead of the statutory word *avoid*, but these words are equivalent in meaning and the use of the former instead of the latter, would, we think, be sufficient even in an indictment for the offense. We think the bond states substantially the very offense described in the indictment. (Keppler et al. v. The State, 14 Texas, Ct App., 173; Robinson et al. v. The State, 11 Texas, Ct App., 309.)

Third. "The court erred in giving judgment in favor of the State, because the sheriff of Fort Bend county had no right to require a bond."

It appears from the record that Hill was arrested by the sheriff of Burnet county, by virtue of a capias issued in this case, and directed to said sheriff. This capias was issued at the instance of the sheriff of Fort Bend county, where the indictment was pending, he having learned that Hill was in Burnett county. When the arrest had been made, and the accused confined in jail, he was virtually in the custody of the sheriff of Fort Bend county, and subject to his demand and disposition for the period of sixty days from the commitment. (C. C. Pro. Art., 474.) Ordinarily the officer who holds the capias, is the proper officer to take bail. (C. C. Pro., Art. 467.) But in a case like the one before us, we are of the opinion, that the statute not only authorizes, but makes it the duty of the sheriff of the county in which the prosecution is pending, to demand and receive the custody of the prisoner, and to release him upon sufficient bail, and while we do not hold that the sheriff of Burnett county was not authorized to take bail in this case, we think it was most proper, and more in accordance with the spirit of our code, that the sheriff of Fort Bend county should perform that duty.

Fourth. "The court erred in giving judgment in favor of the State, because the bond under which he had really been held had already been dismissed."

This assignment is not supported by the record. The bond which was first declared forfeited, was a nullity, never having been approved, but was on the contrary rejected, and another bond executed in its stead, and upon the execution of this second bond, the defendant was released from custody, and not before, and the second bond, was in fact the only bond in the case.

Fifth. "The court erred in giving judgment in favor of the State,

because the State through the negligence of her officers had delayed having the bond forfeited until it was too late to forfeit it." "A recognizance or bail bond entered into by a defendant, and which binds him to appear at a particular term of the district court, shall be construed to bind him and his sureties for his attendance upon the court from term to term, and from day to day, until discharged from further liability thereon according to law." (C. C. Pro., Art. 290) We know of no authority, and we are not cited to any by counsel for appellants, which supports the proposition contained in this assignment. We are of the opinion that a forfeiture of a recognizance or a bail bond may be declared at any time, unless perhaps after the obligation is barred by the general law of limitation. There was no such bar in this case.

Sixth. "The judgment is contrary to the law and the evidence."

This assignment is too general to require consideration, but we have nevertheless carefully examined the evidence upan which the judgment is based, and find that it is in all respects sufficient to support the conclusions of the trial judge, as to the facts, and we believe that the conclusions of the learned judge as to the law applicable to the facts, are correct.

We find no error in the judgment and it is therefore affirmed.